IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CASEY CULPEPPER and WILLIAM L. DUCK, JR., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 4:19-CV-195 (LAG) |
| | : | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court are Plaintiffs Casey Culpepper and William L. Duck, Jr.'s Motion for Leave to Add a Party Defendant and to File an Amended Complaint (Doc. 10) and the Parties' Joint Motion to Amend Scheduling Order (Doc. 11). For the reasons explained below, Plaintiffs' Motion is **GRANTED**, the Muscogee County School District (MCSD) is added as a defendant to the above-captioned matter, and the case is **REMANDED** to the State Court of Muscogee County, Georgia. The Parties' Joint Motion to Amend Scheduling Order is **DENIED as moot**.

## BACKGROUND

This action arises from death benefits being withheld from Plaintiffs—the alleged beneficiaries. (Doc. 1-1.) On March 1, 1998, Defendant Hartford Life and Accident Insurance Company (Hartford) sold a group life insurance policy to MCSD. (Doc. 10-1 ¶ 11.) In 1998, Gerald Duck was employed by MCSD and became a named insured under the MCSD policy. (*Id.* ¶ 12.) At the time of his death, he remained an employee of MCSD. (*Id.* ¶ 15.) Plaintiffs allege that MCSD promised Gerald Duck that his Hartford life insurance policy would remain in full force and effect as long as he continued to make his payments directly to MCSD. (*Id.* ¶ 35–36.) On January 10, 2018, Gerald Duck applied to Hartford for a waiver of premium regarding his life insurance policy. (*Id.* ¶ 19.) Hartford allegedly neither granted nor denied his application for premium waiver, and Gerald Duck continued to make his premium payments to Hartford through MCSD through the time of his death. (*Id.*) Gerald Duck died on August 3, 2018, having allegedly made his last monthly premium payment to Hartford on July 31, 2018. (*Id.* ¶ 20.) Plaintiff Culpepper is the named beneficiary of the life insurance policy, and Plaintiff Duck

is the named and duly qualified Administrator of the estate of Gerald Duck. (Doc. 1-1 ¶¶ 1–2.) After Gerald Duck's death, Plaintiff Culpepper applied for the death benefit, but Hartford refused to pay, claiming that Gerald Duck was not insured at the time of his death. (Doc. 10-1 ¶ 22.)

Plaintiffs initiated this action against Hartford on September 11, 2019, in the State Court of Muscogee County, Georgia, raising two claims: (1) breach of contract; and (2) liability of insurer for damages and attorney's fees on bad faith refusal to pay under O.C.G.A. § 33-4-6. (Doc. 1-1 ¶¶ 13–17, 26.) On November 19, 2019, Hartford removed the action to this Court on diversity grounds. (Doc. 1 ¶ 6.) Both Plaintiffs are citizens of Georgia, and Hartford is organized and exists under the laws of Connecticut, with its principal place of business in Hartford, Connecticut. (*Id.* ¶ 3.) MCSD is organized and exists under Georgia laws and operates in Muscogee County, Georgia. (Doc. 10-1 ¶ 6.) On March 3, 2020, Plaintiffs filed an unopposed Motion for Leave to Add a Party Defendant and to File an Amended Complaint seeking to add MCSD as a defendant under Federal Rule of Civil Procedure 21 and amend the Complaint under Rule 15. (Doc. 10.) Specifically, Plaintiffs seek to add a claim against MCSD for allegedly making a promise that reasonably induced action or forbearance under O.C.G.A § 13-3-44. (Doc. 10-1 ¶ 40.) On April 27, 2020, the Parties filed a Joint Motion to Amend Scheduling Order. (Doc. 11.) Accordingly, both motions are now ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## DISCUSSION

"Diversity jurisdiction, as a general rule, requires complete diversity-every plaintiff must be diverse from every defendant." *Lyons v. O'Quinn*, 607 F. App'x 931, 933 (11th Cir. 2015) (quoting *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir. 1994)). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Eleventh Circuit first addressed how a district court should decide whether to permit or deny joinder of a nondiverse defendant after removal in *Dever v. Family Dollar Stores of Georgia, LLC*, 755 F. App'x 866 (11th Cir. 2018). In that case, the Eleventh Circuit held that district courts have broad discretion to either permit or deny joinder. *Dever*, 755 F. App'x at 869. "In most cases the Federal Rules of Civil Procedure liberally allow a plaintiff to join a new defendant." *Id.* But justice requires district courts to balance the defendant's interests

in maintaining the federal forum by closely scrutinizing an amended pleading that would add a nondiverse defendant. *Id.* When deciding whether to join a nondiverse defendant after removal, courts should "consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is allowed, and any other factors bearing on the equities." *Id.* Generally, courts have "broad discretion in weighing these factors." *Id.*

Here, joinder would destroy diversity jurisdiction as permitting joinder would mean both Plaintiffs and one defendant, MCSD, would be citizens of Georgia. There is also no basis for federal question jurisdiction since Plaintiffs are only raising an insurance claim. *See Slamen v. Paul Revere Life Ins. Co.*, 166 F.3d 1102, 1103, 1106 (11th Cir. 1999) (holding district court lacked jurisdiction over insurance claim after finding claim was not governed by federal statute). The Court, therefore, must consider the aforementioned factors before permitting joinder. After close scrutiny, those factors weigh in favor of allowing joinder and remanding to state court.

The timing of the motion for joinder does not, in and of itself, suggests that Plaintiffs seek to destroy federal jurisdiction. Moreover, Hartford does not object to MCSD being joined as a defendant. Thus, it does not appear that joinder and remand would prejudice Hartford's interest or that Plaintiffs seek to intentionally delay the proceeding. Further, Plaintiff could be significantly injured if joinder is not allowed because the claims against Hartford and MCSD derive from common facts. *See Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (first quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Joinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of an action consistent with fairness to the parties.'"); and then citing *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (holding "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit" to prevent wasting "scarce judicial resources" and promote "the efficient and comprehensive disposition of cases")). Thus, the Court finds that permitting joinder and remand is the most equitable option.

## CONCLUSION

Accordingly, Plaintiffs' Motion for Leave to Add a Party Defendant and to File an Amended Complaint (Doc. 10) is **GRANTED**. The Court hereby **JOINS** MCSD as a defendant to the above-captioned matter and **REMANDS** the case to the State Court of Muscogee

County, Georgia. The Parties' Joint Motion to Amend Scheduling Order (Doc. 11) is **DENIED as moot**.

**SO ORDERED**, this 6th day of May, 2020.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**